DECISION AND JOURNAL ENTRY
Defendant Robert J. Miller, Jr., appeals his from conviction in the Wadsworth Municipal Court. We affirm.
On the evening of April 25, 1999, Patrolman Joel Woolard of the Wadsworth Police Department was on patrol in his police cruiser. As he was stopped at a traffic light near High Street in Wadsworth, Ohio, a van pulled up beside Ptl. Woolard on his left. The van was driven by a man, and a woman was in the passenger seat. The woman told Ptl. Woolard that they (the occupants of the van) had just called 911 to report what they believed to be a drunk driver. The woman reported that they had been following a car on Interstate 76 that was driving "erratically." She told Ptl. Woolard the color and license plate of the car and pointed to a nearby McDonald's restaurant, stating that the car at the drive-through window was the car she had described. Ptl. Woolard did not ask for the woman's name or what was meant by erratic driving.
Based on the information given by the woman, Ptl. Woolard drove to the McDonald's and stopped behind and to the right of the reported car as it sat in the drive-through lane. As the car started to move, Ptl. Woolard activated his overhead lights. The car made a U-turn in front of the police car and proceeded onto High Street. Ptl. Woolard followed and stopped the car just before an entrance ramp onto Interstate 76. The driver of the car was identified as Defendant.
Defendant was charged with one count of operating a vehicle under the influence of alcohol, in violation of R.C.4511.19(A)(1). Defendant pleaded not guilty. On May 19, 1999, Defendant moved to suppress evidence, arguing that Ptl. Woolard lacked a reasonable and articulable suspicion of criminal activity prior to effecting the traffic stop. A hearing was held in the Wadsworth Municipal Court on June 30, 1999. Ptl. Woolard was the sole witness at the hearing.
On July 26, 1999, the trial court denied Defendant's motion to suppress. Thereafter, Defendant changed his plea to no contest, and the trial court sentenced him accordingly. Defendant timely appealed to this court.
 Assignment of Error The trial court erred in overruling [Defendant's] Motion to Suppress Evidence because the arresting officer did not have a reasonable and articulable suspicion to justify an investigative stop of [Defendant's] vehicle.
Defendant argues in his sole assignment of error that the trial court should have granted his motion to suppress. He contends that, based on Maumee v. Weisner (1999), 87 Ohio St.3d 295, the traffic stop was not justified. We disagree.
"Before stopping a vehicle, a law enforcement officer must have reasonable suspicion, based on specific and articulable facts, that an occupant is or has been engaged in criminal activity." State v. Trbovich (July 3, 1996), Summit App. No. 17613, unreported, at 3. Reasonable suspicion constitutes something less than probable cause. State v. Carlson (1995),102 Ohio App.3d 585, 590. "[I]f the specific and articulable facts available to an officer indicate that a motorist may be committing a criminal act, * * * the officer is justified in making an investigative stop." Id. at 593. "[D]eterminations of reasonable suspicion * * * should be reviewed de novo on appeal. * * * [A] reviewing court should take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Ornelas v. United States (1996),517 U.S. 690, 699, 134 L.Ed.2d 911, 920.
In Weisner, the Ohio Supreme Court considered the contours of what constitutes a reasonable and articulable suspicion of criminal activity when a law enforcement officer's sole source of information is an informant's tip. The court stated that informants fall within one of three categories: "the anonymous informant, the known informant (someone from the criminal world who has provided previous reliable tips), and the identified citizen informant." Weisner, 87 Ohio St.3d at 300. A tip from an anonymous informant generally requires independent corroboration by law enforcement; the identified citizen informant's tip "may be highly reliable and, therefore, a strong showing as to the other indicia of reliability may be unnecessary[.]" Id. The Ohio Supreme Court also noted that "[c]ourts have been lenient in their assessment of the type and amount of information needed to identify a particular informant." Id. at 301.
Weisner cited approvingly the decision of the First District Court of Appeals in State v. Ramey (1998), 129 Ohio App.3d 409. In Ramey, a police officer based a traffic stop on a radio transmission from another police officer, who stated that a passerby had told him that a car of certain license plate, color, and make "was `a possible DUI.'" Id. at 413. The police officer later stopped the vehicle in question based on this information. The court of appeals held that the information was not based on an anonymous tip that required further corroboration. "There is nothing even remotely anonymous, clandestine, or surreptitious about a citizen stopping a police officer on the street to report criminal activity." Id. at 416.
In the case at bar, Ptl. Woolard was informed of a car being driven erratically through face-to-face contact with a citizen. While there is no evidence that Ptl. Woolard obtained the identity of the woman or man in the van or recorded the license plate of the van in which she rode, we conclude that Ptl. Woolard acted on information from an identified citizen informant. As such, there was no further need for Ptl. Woolard to independently corroborate the information prior to making a traffic stop. Under the totality of the circumstances, Ptl. Woolard had a reasonable and articulable suspicion that Defendant was engaged in criminal activity. Therefore, the trial court did not err by denying Defendant's motion to suppress.
Defendant's assignment of error is overruled. The judgment of the Wadsworth Municipal Court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
FOR THE COURT, BATCHELDER, P.J., WHITMORE, J., CONCUR.